UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

FILED
IN CLERK'S OFFICE

T. REGINA THOMAS
CLERK

AUG 14 2018

By: GNH
DEPUTY CLERK

| | |
|---|---|
| IN RE: | ) |
| | ) |
| PAMELA MICHELE DAVIS | ) CHAPTER 7 |
| | ) |
| Debtor. | ) CASE NO. 17-22337-JRS |
| ==================================== ) | |
| | ) |
| ESTATE OF PAMELA MICHELE | ) |
| DAVIS, BETTY A. NAPIER AS | ) |
| CHAPTER 7 TRUSTEE | ) |
| | ) |
| Movant | ) |
| | ) |
| v. | ) |
| | ) |
| LAMAR CREATIONS, INC. | ) |
| | ) |
| Respondent | ) |
| | ) |

## PLAINTIFF'S MOTION FOR ORDER PURSUANT TO BANKRUPTCY RULE 2004 COMPELLING EXAMINATION OF DEBTOR PURSUANT TO FED. R. CIV. P. 30(B)(6) AND FOR THE PRODUCTION OF DOCUMENTS

COMES NOW, Debtor Pamela Michele Davis ("Debtor") hereby respectfully moves (the "Motion") this Court for entry of an order pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") compelling examination of Debtor pursuant to Federal Rule 30(b)(6) of the Federal Rules of Civil Procedure (the "Federal Rules") and for the production of documents. In support of this Motion, Movant respectfully states as follows:

### JURISDICTION

1. The Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334.

This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.  Venue of this proceeding and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for relief requested herein are Bankruptcy Rule 2004 and Rule 2004-1 of the Local Rules of this Court (the "Local Rules).

## BACKGROUND

3.  Debtor filed this case on December 5, 2017.

4.  On May 4, 2018, Debtor filed its Motion to Convert Chapter 7 Case to Chapter 13 (Doc. No. 32). This motion is still pending.

5.  On April 2, 2018, Chapter 7 Trustee Betty A. Napier filed her Application to Employ Mark S. Schaeffer ("Schaeffer") as Special Counsel (the "Application") (Doc. No. 25). The Court granted this Application in its Order dated April 3, 2018 (Doc. No. 30).

6.  According to the Application, Schaeffer represents the estate as counsel in a civil litigation which could yield significant recovery to the estate. The claims are against, inter alia, Respondent Lamar Creations, Inc.

7.  Prior to Debtor's bankruptcy filing, Schaeffer represented Debtor in a civil litigation against Respondent in the Superior Court of White County, Georgia (Case No. 2017-CV-0914 SG) (the "Lawsuit"). Pursuant to the Lawsuit, Schaeffer had served certain discovery requests upon Respondent.

8.  Schaeffer, on behalf of the Estate, now files this Motion to obtain discovery against Respondent as noted below:

## RELIEF REQUESTED AND LEGAL BASIS

9.  By this 2004 Motion, Movant respectfully requests the entry of an order

compelling the examination of Debtor pursuant to Federal Rule 30(b)(6) and to issue a subpoena to the Debtor, calling for the production of the documents and requesting information set forth on the attached **Exhibit A**.

10. Bankruptcy Rule 2004 provides in relevant part: (a) Examination on Motion. On motion of any party in interest, the court may order the examination of any entity. (b) Scope of Examination. The examination of an entity under this rule … may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge. In … a reorganization case under chapter 11 of the Code, … the examination may also relate to the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for the purposes of consummating a plan and the consideration given or offered therefore, and any other matter relevant to the case or to the formulation of a plan. (c) Compelling Attendance and Production of Documentary Evidence. The attendance of an entity for examination and for the production of documents … may be compelled as provided in Rule 9016 for the attendance of a witness at a hearing or trial. Fed. R. Bankr. P. 2004.

11. In this case, Movant seeks testimony and documentary evidence related to the possible claims by and recovery to the bankruptcy estate.

12. Rule 2004 is unfettered and broad. *In re Bazemore,* 216 B.R. 1020, 1022–23 (Bankr.S.D.Ga.1998).

13. "The purpose of a Rule 2004 examination is 'to show the condition of the estate and to enable the Court to discover its extent and whereabouts, and to come into possession of it, that the rights of the creditor may be preserved.'" *Cameron v. United States,* 231 U.S. 710, 717

(1914)). Accordingly, examinations under Rule 2004(a) and (c) may include within their scope, among other things: any matter which may relate to the property and assets of the estate; the financial condition of the debtor; any matter which may affect the administration of the estate; and, in a chapter 11 case, any matter relevant to the case or the formulation of a plan. *See Fed. R. Bank. P. 2004(a) and (c).*

14. Schaeffer has conferred with, or attempted to confer with, counsel for Respondent and no agreement can be reached with regard to the relief requested in this Motion.

## NOTICE

15. Notice of this Motion has been served on counsel to the Debtor, the Office of the United States Trustee, and Respondent, and all other parties who have requested notice in these cases pursuant to Bankruptcy Rule 2002. Under the circumstances, Movant submits that such notice is adequate and sufficient and that no other or further notice is required.

16. Upon granting the order requested herein, Movant shall prepare and serve subpoenas and notices as required under Rule 9016.

## NO PRIOR REQUEST FOR RELIEF

17. No previous motion for the relief sought herein has been made to this or any other Court. Movant reserves the right to conduct further depositions and other discovery, or otherwise, as appropriate.

WHEREFORE, Movant respectfully requests that this Court (i) grant this 2004 Motion in its entirety; (ii) compel the examination of Respondent pursuant to Federal Rule 30(b)(6) to be conducted by Movant; (iii) compel the Respondent to produce the documents and information listed on Exhibit A attached hereto and to the proposed order within ten (10) days from the date of the issuance of the subpoenas as authorized by the proposed order; and (iv) grant such further and additional relief as this Court deems just and proper.

Respectfully submitted this 9th day of August, 2018

GLASSER & SCHAEFFER, PC

MARK S. SCHAEFFER
Georgia Bar No.: 628655
56 Perimeter Center East Ste 450
Atlanta, GA 30346
Telephone: 770-410-7755
Fax: 770-410-0247

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| PAMELA MICHELE DAVIS | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | CASE NO. 17-22337-JRS |
| =============================== | ) | |
| | ) | |
| ESTATE OF PAMELA MICHELE DAVIS, BETTY A. NAPIER AS CHAPTER 7 TRUSTEE | ) ) ) | |
| | ) | |
| Movant | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LAMAR CREATIONS, INC. | ) | |
| | ) | |
| Respondent | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the within PLAINTIFF'S MOTION FOR ORDER PURSUANT TO BANKRUPTCY RULE 2004 COMPELLING EXAMINATION OF DEBTOR PURSUANT TO FED. R. CIV. P. 30(B)(6) AND FOR THE PRODUCTION OF DOCUMENT in the above styled case by depositing same in the United States mail with the adequate postage affixed thereto to insure delivery addressed as follows:

| | |
|---|---|
| Lamar Creations, Inc.<br>c/o James Cox, Esq.<br>The Carr Law Group<br>P.O. Box 999<br>Clarkesville, Georgia 30523 | W. Ross McConnell & Assoc.<br>W. Ross McConnell, Esq.<br>P.O. Box 170<br>Cornelia, Georgia 30531 |
| Law Office of B.A. Nappier<br>Betty A. Nappier, Trustee<br>Post Office Box 1649<br>Cumming, Georgia 30028 | Lamar Creations, Inc.<br>6502 NW 16th Street<br>Plantation, FL 33313 |

Respectfully submitted this 9th day of August, 2018.

GLASSER & SCHAEFFER, PC

_____
MARK S. SCHAEFFER
Georgia Bar No.: 628655
56 Perimeter Center East Ste 450
Atlanta, GA 30346
Telephone: 770-410-7755
Fax: 770-410-0247

# **EXHIBIT A**

1. All documents regarding any purchases of jewelry by Lamar for the period of January 1, 2009 through present, said documents to include, without limitation, sales receipts, invoices, bills of lading, credit memos, delivery receipts, sales receipts, sales and use tax documents, shipping invoices, purchase orders, and written and electronic documentation of all kind related thereto.

2. All documents from 2009 to 2011 where Lamar had customers, purchasers, dealers or affiliates physically sign documents for receipt of goods including but not limited to purchase orders, warehouse receipts, bills of ladings, delivery receipts, credit memos, or any other document in which Lamar's required a signature when goods were delivered, received or picked up from Lamar.

3. All documents related to, referring to, or concerning any monetary accounts held or utilized by you, from the period January 2, 2009, to present, including but not limited to all monthly account statements, reports, correspondence, cancelled checks, overdraft notices, and records of electronic funds transfers.

4. All records, balance sheets, monthly inventory statements, income statements, balance sheets, bank statements, documents, memoranda and correspondence relating to, referring to, or concerning any financial statements, whether audited or unaudited, net worth statements, or any other representation of your financial worth or condition submitted to any bank, lending institution, creditor, or any other entity for the period January 2, 2009, to the present.

5. A copy of each your federal and state tax returns for the period from January 2, 2009, to the present.