**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: | : | **CHAPTER 13** |
| **PAMELA MICHELE DAVIS** | : | **CASE NUMBER G17-22337-JRS** |
| **DEBTOR** | : | |

**CHAPTER 13 TRUSTEE'S OBJECTIONS TO**
**CONFIRMATION AND REQUEST TO RECONVERT CASE TO CHAPTER 7**

COMES NOW, Nancy J. Whaley, the Standing Chapter 13 Trustee herein, and objects to Confirmation of the plan for the following reasons:

1.

The Debtor has failed to serve the Chapter 13 plan on all parties and file a certificate of service a pursuant to General Order 21-2017.

2.

The Debtor's payments under the proposed plan are not current, thus indicating that this plan is not feasible. 11 U.S.C. Section 1325(a)(6).

3.

An Employer Deduction Order for Debtor's plan payments has not yet been requested by the Debtor. The Trustee opposes the Debtor making payments directly to the Trustee and requests they be remitted by payroll deduction to ensure feasibility of the instant case.

4.

The Chapter 13 Trustee requests proof of the post-petition mortgage payments in order to determine feasibility of proposed plan pursuant to 11 U.S.C. 1325(a)(6).

5.

The Trustee requests proof of the fair market value of the Debtor's real property in order to determine the accuracy and veracity of the plan and/or schedules.  11 U.S.C. Section 521(1) and 11 U.S.C. Section 1325(a)(3).

6.

The Chapter 13 schedules fail to include complete employment information for the Debtor, thereby preventing the Trustee from evaluating the feasibility of the Chapter 13 plan in violation of 11 U.S.C. Section 1325(a)(6).

7.

It appears that Mark Shaefer represents the Debtor in a pending or anticipated non-bankruptcy litigation.  Said attorney has not been approved as special counsel by the Bankruptcy Court in violation of 11 U.S.C. Section 328, 11 U.S.C. Section 329 and Bankruptcy Rules 2016 and 2017.

8.

The plan fails to treat Nationstar Mortgage/Mr. Cooper in violation of 11 U.S.C. Section 1322(a)(3) and/or 11 U.S.C. Section 502(a).

9.

Based on Debtor's testimony, bankruptcy petition and/or the proposed plan it appears that this case will provide limited or no repayment to secured or priority creditors.  The Debtor appears to be eligible for Chapter 7 bankruptcy relief and this plan may qualify as an "attorney-fee-centric" plan under the analysis of In re Brown, 2014 WL 563601. Thus, this plan man not comply with the requirements of good faith under 11 U.S.C. Section 1325(a)(3), on the grounds of a high unlikelihood of success in completion, the negligible repayment to creditors, and/or the burden placed on the Chapter 13 Trustee in administration of the case.

10.

The proposed plan does not include the revised local plan language for the payment of Attorney's Fees pursuant to General Order No. 18-2015.  Further, the Rule 2016(b) Disclosure Statement fails to contain an assignment from the Debtor to her attorney for funds to be paid for attorney's fees upon pre-confirmation dismissal or conversion.  WHEREFORE, the Trustee moves the Court to inquire into the amended objections, deny Confirmation of the Debtor's plan, and to reconvert the instant case to a Chapter 7 proceeding pursuant to 11 U.S.C. Section 1307(c).

11.

The Chapter 13 plan proposes for the Trustee to disburse attorney fees; however, the Trustee is unable to administer the provision as it is currently written.

12.

The Debtor may receive income tax refunds during the applicable commitment period.  These funds could assist the Debtor in completing the case and could be projected disposable income for unsecured creditors. The Debtor's plan fails to provide for these refunds to be paid to the plan during the applicable commitment period. 11 U.S.C. Section 1325(a)(3) and 11 U.S.C. Section 1325(b)(1)(B).

WHEREFORE, the Trustee moves the Court to inquire into the amended objections, deny Confirmation of the Debtor's plan, and to reconvert the instant case to a Chapter 7 proceeding pursuant to 11 U.S.C. Section 1307(c).

Respectfully submitted,

/s/ _____

Eric W. Roach,
Attorney for Chapter 13 Trustee
GA Bar No. 143194
303 Peachtree Center Ave., NE
Suite 120
Atlanta, GA  30303
(678) 992-1201

*/scw*

## CERTIFICATE OF SERVICE

Case No: G17-22337-JRS

This is to certify that I have this day served the following with a copy of the foregoing Chapter 13 Trustee's Objection to Confirmation and Request to Reconvert Case to Chapter 7 by depositing in the United States mail a copy of same in a properly addressed envelope with adequate postage thereon.

**Debtor(s):**
PAMELA MICHELE DAVIS
POB 2198
CLEVELAND, GA 30528

**Office of the U.S. Trustee:**
OFFICE OF THE U.S. TRUSTEE
ATTN: JENEANE TREACE
ATTN: DAVID WEIDENBAUM
75 TED TURNER DRIVE, S.W.
SUITE 362
ATLANTA, GA 30303

**By Consent of the parties,** the following have received an electronic copy of the foregoing Chapter 13 Trustee's Objection to Confirmation and Request to Reconvert Case to Chapter 7 through the Court's Electronic Case Filing system.

**Attorney for the Debtor(s):**
W. ROSS MCCONNELL & ASSOCIATES
grahamwf@windstream.net

This the 5th day of October, 2018.

/s/_____
Eric W. Roach
Attorney for the Chapter 13 Trustee
State Bar No. 143194
303 Peachtree Center Avenue, NE
Suite 120
Atlanta, GA 30303
678-992-1201