UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| PAMELA MICHELE DAVIS | ) | CHAPTER 13 |
| | ) | |
| Debtor. | ) | CASE NO. 17-22337-JRS |
| ==============================) | | |
| | ) | |
| PAMELA MICHELE DAVIS | ) | |
| | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LAMAR CREATIONS, INC. | ) | |
| | ) | |
| Defendant | ) | |
| _____) | | |

**PLAINTIFF'S AMENDED MOTION FOR ORDER PURSUANT TO BANKRUPTCY RULE 2004 COMPELLING EXAMINATION OF DEFENDANT PURSUANT TO FED. R. CIV. P. 30(B)(6) AND FOR THE PRODUCTION OF DOCUMENTS**

COMES NOW, Pamela Michelle Davis ("Plaintiff or Movant") through undersigned counsel and hereby respectfully moves this Court for entry of an order pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") compelling examination of Defendant Lamar Creations, Inc., pursuant to Federal Rule 30(b)(6) of the Federal Rules of Civil Procedure (the "Federal Rules") and for the production of documents. In support of this Motion, Movant respectfully states as follows:

## JURISDICTION

1. The Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue of this proceeding and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for relief requested herein are Bankruptcy Rule 2004 and Rule 2004-1 of the Local Rules of this Court (the "Local Rules).

## BACKGROUND

3. Debtor filed this case on December 5, 2017.

4. On May 4, 2018, Debtor filed its Motion to Convert Chapter 7 Case to Chapter 13 (Doc. No. 32). This case was converted on August 10, 2018 due to non-exemptible equity in Debtor's residence.

5. On April 2, 2018, Chapter 7 Trustee Betty A. Napier filed her Application to Employ Mark S. Schaeffer ("Schaeffer") as Special Counsel (the "Application") (Doc. No. 25). The Court granted this Application in its Order dated April 3, 2018 (Doc. No. 30).

6. According to the Application, Schaeffer represents the estate as counsel in a civil litigation which could yield significant recovery to the estate. The claims are against, inter alia, Respondent Lamar Creations, Inc.

7. Prior to Debtor's bankruptcy filing, Schaeffer represented Debtor in a civil litigation against Respondent in the Superior Court of White County, Georgia (Case No. 2017-CV-0914 SG) (the "Lawsuit"). Pursuant to the Lawsuit, Schaeffer had served certain discovery requests upon Respondent.

8. On August 14, 2018 Plaintiff filed her Motion for Examination pursuant to FRBP

2004 (the "Original Motion"). (Doc. No. 43).

9. On August 31, 2018 Defendant filed a Response in Opposition to the Motion (Doc. No. 44) with a proffered defense of duplicity asserting that the information which Plaintiff seeks to discover in the present Bankruptcy action was previously sought in the Superior Court case, potentially leading to duplicate discovery.

10. Undersigned counsel, files this Amended Motion to obtain discovery against Defendant as noted below:

**RELIEF REQUESTED AND LEGAL BASIS**

11. By this 2004 Motion, Movant respectfully requests the entry of an order compelling the examination of Debtor pursuant to Federal Rule 30(b)(6) and to issue a subpoena to the Defendant, calling for the production of the documents and requesting information set forth on the attached **Exhibit A**.

12. Bankruptcy Rule 2004 provides in relevant part: (a) Examination on Motion. On motion of any party in interest, the court may order the examination of any entity. (b) Scope of Examination. The examination of an entity under this rule … may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge. In … a reorganization case under chapter 11 of the Code, … the examination may also relate to the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for the purposes of consummating a plan and the consideration given or offered therefore, and any other matter relevant to the case or to the formulation of a plan. (c) Compelling Attendance and Production of Documentary Evidence. The

attendance of an entity for examination and for the production of documents … may be compelled as provided in Rule 9016 for the attendance of a witness at a hearing or trial. Fed. R. Bankr. P. 2004.

13. In this case, Movant seeks testimony and documentary evidence related to the possible claims by and recovery to the bankruptcy estate.

14. Rule 2004 is unfettered and broad. *In re Bazemore,* 216 B.R. 1020, 1022–23 (Bankr.S.D.Ga.1998).

15. "The purpose of a Rule 2004 examination is 'to show the condition of the estate and to enable the Court to discover its extent and whereabouts, and to come into possession of it, that the rights of the creditor may be preserved.'" *Cameron v. United States*, 231 U.S. 710, 717 (1914)). Accordingly, examinations under Rule 2004(a) and (c) may include within their scope, among other things: any matter which may relate to the property and assets of the estate; the financial condition of the debtor; any matter which may affect the administration of the estate; and, in a chapter 11 case, any matter relevant to the case or the formulation of a plan. *See Fed. R. Bank. P. 2004(a) and (c).*

16. Schaeffer has conferred with, or attempted to confer with, counsel for Respondent and no agreement can be reached with regard to the relief requested in this Motion.

## NOTICE

17. Notice of this Motion has been served on counsel to the Defendant, and the Office of the United States Trustee, and all other parties who have requested notice in these cases pursuant to Bankruptcy Rule 2002. Under the circumstances, Movant submits that such notice is adequate and sufficient and that no other or further notice is required.

18.     Upon granting the order requested herein, Movant shall prepare and serve subpoenas and notices as required under Rule 9016.

**NO PRIOR REQUEST FOR RELIEF**

19.     No previous motion for the relief sought herein has been made to this or any other Court. Movant reserves the right to conduct further depositions and other discovery, or otherwise, as appropriate.

WHEREFORE, Movant respectfully requests that this Court (i) grant this 2004 Motion in its entirety; (ii) compel the examination of Defendant pursuant to Federal Rule 30(b)(6) to be conducted by Movant; (iii) compel the Defendant to produce the documents and information listed on Exhibit A attached hereto and to the proposed order within ten (10) days from the date of the issuance of the subpoenas as authorized by the proposed order; and (iv) grant such further and additional relief as this Court deems just and proper.

Respectfully submitted this 5th day of April 2019.

/s/ Howard P. Slomka
Howard P. Slomka, Esq.
Georgia Bar # 652875
Attorney for Pamela M. Davis
Slipakoff & Slomka, PC
2859 Paces Ferry Road, SE
Suite 1700
Atlanta, Georgia 30339
hs@atl.law

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| PAMELA MICHELE DAVIS | ) | CHAPTER 13 |
| | ) | |
| Debtor. | ) | CASE NO. 17-22337-JRS |
| ==============================) | | |
| | ) | |
| PAMELA MICHELE DAVIS | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LAMAR CREATIONS, INC. | ) | |
| | ) | |
| Defendant | ) | |
| _____) | _____ | |

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the within PLAINTIFF'S AMENDED MOTION FOR ORDER PURSUANT TO BANKRUPTCY RULE 2004 COMPELLING EXAMINATION OF DEFENDANT PURSUANT TO FED. R. CIV. P. 30(B)(6) AND FOR THE PRODUCTION OF DOCUMENT in the above styled case by depositing same in the United States mail with the adequate postage affixed thereto to insure delivery addressed as follows:

| | |
|---|---|
| Eric W. Roach<br>Attorney for Chapter 13 Trustee<br>303 Peachtree Center Ave., NE<br>Suite 120 Atlanta, GA 30303<br>eroach@njwtrustee.com | Lisa F. Caplan<br>Rubin Lublin, LLC<br>Suite 100<br>3145 Avalon Ridge Place<br>Peachtree Corners, GA 30071<br>lcaplan@rubinlublin.com |
| Nancy J. Whaley<br>Nancy J. Whaley, Standing Ch. 13 Trustee<br>303 Peachtree Center Avenue<br>Suite 120, Suntrust Garden Plaza<br>Atlanta, GA 30303<br>ecf@njwtrustee.com | Quentin R. Carr<br>The Carr Law Group<br>P. O. Box 999<br>Clarkesville, GA 30523<br>quentin@thecarrlawgroup.com |
| W. Ross McConnell & Associates 1079 South Main Street PO Box 170 Cornelia, GA 30531<br>(706)778-0344, (706)778-0451<br>wrmccassoc@winstream.net | James H. Cox Lamar Creations, Inc.<br>P.O. Box 999<br>Clarkesville, GA 30523<br>cox@thecarrlawgroup.com |
| Mark S. Schaeffer, Esq.<br>Georgia Bar No. 628655<br>56 Perimeter Center East Ste 450<br>Atlanta, GA 30346<br>markschaeff@gmail.com | |

Respectfully submitted this 5th day of April, 2019.

/s/ Howard P. Slomka
Howard P. Slomka, Esq.
Georgia Bar # 652875
Attorney for Pamela M. Davis
Slipakoff & Slomka, PC
2859 Paces Ferry Road, SE
Suite 1700
Atlanta, Georgia 30339
hs@atl.law

## **EXHIBIT A**

1. All documents regarding any sales and purchases of jewelry by Lamar or any of its subsidiaries or associated entities for the period of January 1, 2009 through present, said documents to include, without limitation, sales receipts, invoices, bills of lading, credit memos, delivery receipts, sales receipts, sales and use tax documents, shipping invoices, purchase orders, and written and electronic documentation of all kind related thereto.
2. The Federal and State Tax Returns for Lamar for the period of January 1, 2009 through present.
3. All documents related to return of products from Lamar to Mikkie's LLC including but not limited to receipts, invoices, bills of lading, credit memos, delivery receipts, sales receipts, sales and use tax documents, shipping invoices, purchase orders, and written and electronic documentation of all kind related thereto.

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | |
| PAMELA MICHELE DAVIS ) | CHAPTER 13 |
| ) | |
| Debtor. ) | CASE NO. 17-22337-JRS |
| ==============================) | |
| ) | |
| PAMELA MICHELE DAVIS ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| LAMAR CREATIONS, INC. ) | |
| ) | |
| Defendant ) | |
| _____) | _____ |

**NOTICE OF HEARING**

**PLEASE TAKE FURTHER NOTICE** that the Court will hold a hearing on Plaintiff's Amended Motion for Order Pursuant to Bankruptcy Rule 2004 Compelling Examination of Defendant Pursuant to Fed. R. Civ. P. 30(B)(6) and for the Production of Documents (Doc 64). Courtroom 103, U.S. Courthouse, 121 Spring Street, SE, Gainesville, GA 30501 at 10:45 A.M. on May 9, 2019.

Your rights may be affected by the Court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the court to grant the relief sought in these pleadings or if you want the court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleading with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least three business days before the hearing. The address of the Clerk's Office is: Clerk, U.S. Bankruptcy Court, 121 Spring Street, SE, Gainesville, GA 30501.You must also mail a copy of your response to the undersigned at the address stated below.

Dated this 5th day of April, 2019.

/s/ Howard P. Slomka
Howard P. Slomka, Esq.
Georgia Bar # 652875
Attorney for Pamela M. Davis
Slipakoff & Slomka, PC
2859 Paces Ferry Road, SE
Suite 1700
Atlanta, Georgia 30339